Civilian fay; reduction-in-force. — On October 28,1976 the court entered the following order.
Before Nichols, Judge, Presiding, Kashiwa and KuNzig, Judges.
“This civilian pay case comes before the court on cross motions for summary judgment. There is no genuine issue as to any material fact.
“Plaintiff, a preference eligible veteran, was an employee of the National Aeronautics and Space Administration (NASA) at its Lewis Research Center in Cleveland, Ohio. Pursuant to a reduction-in-force (RIF) involving separation of 81 employees, plaintiff was duly separated from Federal employment on October 2, 1971, upon a finding that he had no mandatory right to displace or ‘bump’ any other employee.
“Plaintiff appealed his separation to the Civil Service Commission (CSC), Chicago Region Office. That office, after personal appearance by plaintiff, sustained plaintiff’s RIF separation. On timely appeal to the CSC’s Board of Appeals *369 and Review (BAR), that Board affirmed plaintiff’s RIF separation.
“Plaintiff thereupon filed suit in this court seeking, back pay and attorneys’ fees and costs. Upon consideration of the parties’ briefs submitted with their respective motions and supporting documents and after oral argument by counsel, the court finds:
“(1) The CSC correctly concluded in a detailed, thorough and supported decision that plaintiff’s separation was accomplished through a valid RIF procedure in accord with all applicable personnel regulations and violated none of plaintiff’s separation rights. The facts of this case support the determination that plaintiff was provided all procedural requirements of the regulations applicable to RIFs. ■
“RIF procedures are not adverse actions and since plaintiff has failed to convince the court that his RIF separation was in fact a disguised adverse action, plaintiff was not entitled to a full evidentiary hearing: Wilmot v. United States, 205 Ct. Cl. 666, 679 (1974).
“(2) , The determination by NASA,' affirmed by the CSC and the BAR, that plaintiff had no mandatory assignment rights to displace any other employee is supported by substantial evidence in the administrative record.
“Plaintiff contends that he was wrongfully denied the right to ‘bump’ an individual in another series designation whose position plaintiff considered to be very' similar to his own. The agency, the CSC and the BAR fully considered and rejected plaintiff’s arguments. This court has consistently held that it is the job of the agency to decided what reassignments would unduly interrupt its work program. Administrative decisions are presumed to be correct and will be upset judicially only where it is shown that the discretion vested in the agency officials has been abused or is in excess of their authority, or where the result is unsupported by substantial evidence, or' is contrary to law or regulation. Wilmot v. United States, supra, at 682; Grover v. United States, 200 Ct. Cl. 337, 343 (1973); Morelli v. United States, 177 Ct. Cl. 848, 858 (1966); Keener v. United States, 165 Ct. Cl. 334, 339 (1964); Harrington v. United States, 161 Ct. Cl. 432, 442 (1963). Plaintiff has failed to establish that the decision by *370 the BAE, affirming the NASA and the CSC determinations, was arbitrary, capricious, unsupported by substantial evidence or contrary to law or regulation. Therefore,
“it is ordered that plaintiff’s cross motion for summary judgment be and is hereby denied, that defendant’s motion for summary judgment be and is hereby granted and that plaintiff’s petition be and is hereby dismissed.”